**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 2 8455 Colesville Road, Suite 1250 Silver Spring, MD   20910 | ) ) ) ) ) ) |
| Petitioner | ) ) |
| v. | )Civ.No.------ ) ) |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION 1750 New York Avenue, NW Washington, D.C.   20006 | ) ) ) ) ) |
| Respondent | ) |

------------------------------------------------

**PETITION TO VACATE AN ARBITRATION AWARD**
**AND FOR DECLARATORY RELIEF**

**COMES NOW**, the Petitoner, Office & Professional Employees International Union, Local 2, (Local 2) and for its Petition to Vacate an Arbitration Award and for Declaratory Relief, states and alleges as follows:

**INTRODUCTION**

1. This is an action to vacate an arbitration award dated August 27, 2007, purporting to resolve a grievance over certain violations of terms of a collective bargaining agreement between Local 2 and the Sheet Metal Workers International Association (the Association).

1

As shown herein, the Arbitrator, James E. Conway, disregarded the express and controlling language of the pertinent terms of such collective bargaining agreement, and improperly modified such terms of the agreement to reach a result denying Local 2's meritorious anv valid grievance.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185; Section 20 of the Federal Arbitration Act, 9 U.S.C. §10, 28 U.S.C. §1331 and 28 U.S.C. §2201. The Court further has pendant jurisdiction under District of Columbia Code §16-4311.   Venue lies in this Court because all of the actions complained of occurred in the District of Columbia.

## PARTIES

3.    Petitioner Local 2 is a labor organization located in Silver Spring, Maryland representing employees primarily in the Washington, D.C. and Baltimore, Maryland metropolitan areas.   It represents a bargaining unit of clerical, technical and administrative staff employed by the Association (the Bargaining Unit).

4.    Respondent Association is a labor organization representing employees in certain crafts and trades across the United States and Canada.   It maintains a headquarters office in Washington, D.C.

2

where it employs clerical, technical and administrative staff who are represented by Local 2 (the Bargaining Unit).

5.   Local 2 and the Association have been parties to a series of collective bargaining agreements, including a current agreement effective by its terms from October 1, 2005 to September 30, 2009 (the Agreement).

## HISTORY OF THE ARBITRATION PROCEEDING

5.   In or about December 2005, pursuant to the Agreement, the Parties established certain flexible and alternative schedules for employees in the bargaining unit.  All bargaining unit employees enrolled for alternative schedules as defined in the Agreement.

6.  The Agreement provided that "if a departmental need arises that would require a change in the alternative scheduled work week, back to the regular work schedule, the Employer shall provide ten (10) working days notice to the employee."

7.  In or about May 2006 a dispute arose between Local 2 and the Association over the Association's failure to implement certain "Flexible Spending Accounts" that were to be implemented pursuant to the terms of the Agreement.  Local 2 advised the Association that a grievance would be filed over such failure to implement this term of the Agreement.  In response, the Association advised Local 2 that if such a grievance was filed, the Association would cut

3

hours of Bargaining Unit employees and/or lay off some such employees. Local 2 advised the Association that Local 2 would insist on applying the terms of the Agreement regarding Flexible Spending Accounts.

8. On or about June 20, 2006, the Association advised all employees in the Bargaining Unit that it was cancelling alternative schedules and placing employees on "regular work schedules". Such cancellation resulted in serious and adverse consequences for Bargaining Unit employees, including reduction in hours and hourly-paid compensation, increased commuting costs and times, disruption of essential child care arrangements, including arrangements for disabled and troubled minor children, discontinuation of periodic medical treatments of Bargaining unit employees and loss of spousal employment due to inability to share child care responsibilities.

9. On or about July 6 Local 2 filed a grievance asserting that the Employer had violated the Agreement by eliminating the alternative work schedules.

10. Pursuant to referral to the Federal Mediation and Conciliation Service (FMCS), Local 2 and the Association selected James E. Conway, a professional arbitrator (the Arbitrator), to hear the grievance under the FMCS case number of 06-58502. An initial date of hearing was set for January 25, 2007.

11.   The grievance was heard on January 25, June 4 and June 5, 2007.

12.   In the course of the grievance arbitration hearing, the Association's General Secretary Treasurer testified that he had decided to eliminate the alternative schedules of the Bargaining Unit employees "because he could".  At no point did the Association assert or establish that there was any condition that "required" it to eliminate the alternative schedules.  Further, in response to requests for information by Local 2 preceding such hearings, the Association stated that it did not cancel alternative work schedules because of inability to pay the costs of such schedules, but only because it  preferred not to pay the costs of such schedules.

13.  Following submission of post hearing briefs from Local 2 and from the Association, the Arbitrator issued a Decision and Award bearing a date of August 26, 2007 (the Award), and forwarded same by U.S. Mail, first class postage prepaid to representatives of Local 2 and of the Association under a cover letter and an invoice dated August 27, 2007.

14.  Such Award ruled that cancellation of the alternative work schedules "must be based on departmental needs", and that the test of the Agreement's language is "departmental needs".  Such Award ruled that the Employer's claims of decreased dues revenues and of

5

dissatisfaction with performance of Bargaining Unit employees under the alternative schedules, even if not "department specific", privileged the Association to cancel the alternative work schedules. Such Award ruled that the "governing test of 'departmental need'" was met, and accordingly denied the grievance. Such Award failed to make any finding that any "departmental need" of the Association had existed which had "required" the cancellation of the alternative schedules in that department or in any department of the Association.

15.   The Agreement provides that "the arbitrator shall have no authority to change, amend, add to or subtract from any of the provisions of this Agreement."

### CAUSE OF ACTION - VACATION DUE TO LACK OF AUTHORITY

16.   By basing his Award on an application of the language of the Agreement which subtracted language from the Agreement, the Arbitrator ignored the plain language of the Agreement, failed to construe or apply the Agreement, and acted outside the scope of his authority.   Contrary the express language of the Agreement, the Award held that the Association need only articulate a business need to change the alternative schedules, and that the Association did not need to meet the requirements of the Agreement that it demonstrate the existence of "a departmental need...that would require a change" from the alternative schedules.

17.  By the above, the Arbitrator and the Award failed to comply with the common law of Section 301 of the Labor Management Relations Act, and the Arbitrator acted outside the scope of his powers and exceeded his powers as defined in Section 10(4) of the Federal Arbitration Act and Section 16-4311(a)(3) of the District of Columbia Code.


## RELIEF SOUGHT


Based upon all the above facts and reasons, Petioner Local 2 prays that judgment be entered for and on its behalf vacating the Award dated August 26, 2007, and remanding the grievance in this matter for fresh arbitration, before a fresh arbitrator to be selected from a fresh panel of arbitrators to be provided by the Federal Mediation and Conciliation Service, as well as any such other relief that the Court deems just and appropiate.


Respectfully submitted
this 26th Day of November, 2007

```
                         ---------------------------
                         David R. Levinson (DC Bar #425176)
                             1320 19th Street, NW
                             Suite 601
                             Washington, D.C.  20036
                             Tel. 202   223-34343

                             Attorney for Petitioner
                             Office & Professional Employees
                             International Union, Local 2,
                             AFL-CIO
```

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a true copy of the foregoing Petition to Vacate Arbitration Award and for Declaratory Relief, and the associated Notice of Filing of Petition to Vacate Arbitration Award and for Declaratory Judgment on the below-named Respondent at the below-specified address, by certified mail, United States First Class Postage pre-paid.

    Sheet Metal Workers International Association
    Michael Sullivan, General President
    1750 New York Avenue, NW
    Washington, D.C.   20006

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 2   89857 | SHEET METAL WORKERS INTERNATIONAL ASSOCIATION |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Montgomery, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____D.C.____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

David R. Levinson
Levinson Law Office
1320 19th Street, N.W.  Suite 601
Washington, D.C.  20036
202   223-3434

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02124
Assigned To : Roberts, Richard W.
Assign. Date : 11/26/2007
Description: Labor-ERISA

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

◉ 3 Federal Question
   (U.S. Government Not a Party)

○ 2 U.S. Government
   Defendant

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZEN...

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
   defendant
☐ 871 IRS-Third Party 26
   USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
   of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
   Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
   Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
   Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
   Exchange
☐ 875 Customer Challenge 12 USC
   3410
☐ 900 Appeal of fee determination
   under equal access to Justice
☐ 950 Constitutionality of State
   Statutes
☐ 890 Other Statutory Actions (if
   not administrative agency
   review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☒ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 Americans w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Petition to Vacate Arbitration Award, based on Arbitrator exceeding his powers under the Agreement; LMRA 29 USC Sec. 185

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ JURY DEMAND: | Check YES only if demanded in complaint YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐   NO ☒   If yes, please complete related case form.

DATE  11-26-07    SIGNATURE OF ATTORNEY OF RECORD  _David R. Levin_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.