UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 2, | ) ) ) | No. 1:07-cv-02124-RWR |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, | ) ) ) | |
| Defendant. | ) ) | |

ANSWER

Defendant Sheet Metal Workers International Association ("SMWIA") answers the averments of plaintiff's Petition to Vacate an Arbitration Award as follows.

1. Denied as to the date of the arbitration award. The remainder of the first paragraph does not contain a factual statement requiring a response. To an extent a response is required, the allegation is denied. The second paragraph is denied.

2. Admitted that the Court has jurisdiction under Section 301 of the Labor Management Relations Act and that venues lies in this Court; otherwise denied.

3. Admitted.

4. Admitted as to the first sentence. With respect to the second sentence, admitted that Defendant SMWIA maintains headquarters in Washington D.C., where it

1

employs clerical, technical, and administrative staff, some of whom are represented by Local 2.  Except as so stated, the averments are denied.

5. The first paragraph numbered five is admitted.

5. With respect to the second paragraph numbered five, it is admitted that the collective bargaining agreement adopted on November 10, 2005 contained provisions allowing employees to opt for a flexible or alternative work schedule under certain circumstances, and that when these provisions went into effect in December 2005 every member of the bargaining unit chose his or her own starting and ending time under an alternative schedule. Except as so stated, the averments are denied.

6. Admitted.

7. Admitted that on July 6, 2006, Local 2 filed a grievance in regard to the payment of administrative costs arising from Flexible Spending Accounts provided for in the collective bargaining agreement.  Except as so stated, the averments are denied.

8. With respect to the first sentence, admitted that on June 20, 2006, SMWIA informed Local 2 that, effective July 28, 2006, all employees would return to regular work schedules.  SMWIA lacks information sufficient to form a belief as to the allegations of the second sentence.  Except as so stated, the averments are denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted.

14. In response to paragraph 14, SMWIA states that the arbitrator's award speaks for itself, and it denies the plaintiff's characterization of that award.

15. Admitted.

16. Denied.

17. Denied.

To the extent any averment has not been admitted, it is denied.

    WHEREFORE, defendant SMWIA respectfully requests that judgment be entered in its favor, and that it be awarded its attorney's fees and costs of this action and such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ John M. West_____
John M. West
D.C. Bar #424718
BREDHOFF & KAISER P.L.L.C.
805 Fifteenth St., N.W.
Suite 1000
Washington, D.C. 20005
(202) 842-2600
Counsel for Defendant Sheet Metal
Workers International Association