UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
OFFICE & PROFESSIONAL          )
EMPLOYEES INTERNATIONAL        )
UNION, LOCAL 2,                )
                               )
          Petitioner,          )
                               )
     v.                        )    Civil Action No. 07-2124 (RWR)
                               )
SHEET METAL WORKERS            )
INTERNATIONAL ASSOCIATION,     )
                               )
          Respondent.          )
_____)
```

### MEMORANDUM ORDER

Petitioner has moved under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss this matter with prejudice. The respondent requests that voluntary dismissal be conditioned on petitioner paying respondent's fees and costs incurred in litigating the matter. Because the respondent does not show that it is likely subject to the risk of future litigation regarding this matter, petitioner's motion to dismiss this matter with prejudice will be granted without the imposition of costs or attorneys' fees.

Respondent argues that conditioning the voluntary dismissal on petitioner's payment of respondent's costs and attorney's fees is justified because petitioner's attempt to vacate an arbitration award was frivolous, and because petitioner waited to move for voluntary dismissal until the date that dispositive

- 2 -

motions were due to be filed, ensuring that respondent would be "put to the expense of preparing a summary judgment motion." (Defs. Resp. to Mot. to Dismiss, at 2-3.)

Rule 41(a)(2) prohibits a plaintiff from dismissing an action in which an answer has been filed, except with court approval, "and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is to protect a defendant from undue prejudice or inconvenience from plaintiff's voluntary dismissal. See GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 369 (D.C. Cir. 1981). "Courts commonly award attorneys' fees and costs to a defendant as a condition of voluntary dismissal to alleviate the burden on the defendant for being forced to incur unnecessary legal fees in defending the action." Combo v. Viacom, Inc., Civil Action No. 06-0226 (ESH), 2007 WL 39410 at *1 (D.D.C. Jan. 5, 2007). However, unless a defendant can show the presence of extraordinary circumstances, a motion for voluntary dismissal with prejudice should not be conditioned on the payment of a defendant's costs or attorney's fees because the defendant is not likely subject to the risk of future litigation. Aerotech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997); see Colombrito v. Kelly, 764 F.2d 122, 133-134 (2nd Cir. 1985) ("when a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2), attorney's fees have almost never been awarded. . . .

- 3 -

The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial[.]"). Exceptional circumstances, such as situations where a litigant repeatedly brings claims and then voluntarily dismisses them with prejudice, may justify an award of costs.  Aerotech, Inc., 110 F.3d at 1528.  However, respondent does not allege that petitioner has repeatedly filed similar claims against it, and respondent does not cite any case where a court found that moving to vacate an arbitration award, or filing a motion to dismiss on the date that dispositive motions were due, were exceptional circumstances justifying the imposition of fees.  Further, while several courts have held that an award of attorneys' fees and costs under Rule 41(a)(2) is appropriate when there is independent statutory authority for such an award, see e.g. Smoot v. Fox, 353 F.2d 830, 832-33 (6th Cir. 1965); Colombrito, 764 F.2d at 133-34, here, respondent bases its request for attorneys' fees and costs solely on Rule 41(a)(2).  Therefore, it is hereby

    ORDERED that petitioner's motion [9] to dismiss be, and hereby is, GRANTED.  The petition is DISMISSED WITH PREJUDICE, with each party to bear its own costs.

- 4 -

SIGNED this 26th day of June, 2008.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```